Alnisa S. Bell
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5532

Counsel for Defendant
Old Dominion Freight Line, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

VICTOR VELAZQUEZ,

Plaintiff,

v.

OLD DOMINION FREIGHT LINE, INC. and JOHN DOES 1-10, (Fictitious Names of Entities and/or Individuals whose identities are presently unknown), Individually, Jointly, Severally and/or in the Alternative

Defendants.

Civil Action No.: _______________

**NOTICE OF REMOVAL**

TO: Clerk of the Court
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
Fourth & Cooper Streets
Camden, New Jersey 08101

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Old Dominion Freight Line, Inc. ("Defendant"), by and through its attorney, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Superior Court of the State of New Jersey, Law Division, Camden County, Docket No. CAM-L-3090-17. In support of its Notice of Removal, Defendant states as follows:

**Background And Timeliness**

1. On August 7, 2017, Plaintiff filed his Complaint and Request for Production of Documents Pursuant to R. 4:18-1 in the Superior Court of the State of New Jersey, Camden County.

2. Defendant received service of process of the Complaint and document requests on August 25, 2017.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Summons, and document requests are attached hereto as **Exhibit A**, which constitute "all summons, pleadings, and orders" served upon Defendants. Because Defendant has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C.§ 1446(b).

**Basis for Removal**

4. The ground for removal is federal question under 28 U.S.C. § 1331, in that Plaintiff's Complaint alleges federal causes of action, specifically:

(a) A claim pursuant to the federal Fair Labor Standards Act. *See* Compl. ¶¶ 30-39.

(b) A claim pursuant to the federal Family and Medical Leave Act of 1993. *See* Compl. ¶¶ 50-55.

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. Plaintiff's claims arise under the laws of the United States within the meaning of 28 U.S.C. § 1331. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

*7.* The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, Plaintiff makes it clear in his Complaint that the same conduct by Defendant forms the basis of both his state and federal law claims. Defendant's purported failure to pay Plaintiff a premium wage for overtime work forms the basis for both Plaintiff's federal Fair Labor Standards Act claim and Plaintiff's New Jersey Wage Payment Law claim. (*See* Compl. ¶ 26 (alleging that "Defendants…failed to pay Plaintiff the overtime rate" in support of the New Jersey Wage Payment Law claim), ¶ 64 (alleging that "Defendants…failed to pay Plaintiff the overtime rate" in support of the federal Fair Labor Standards Act claim).) Likewise, Defendant's purported retaliation against Plaintiff for Plaintiff's decision to exercise certain rights based on an alleged disability forms the basis for both Plaintiff's federal Family and Medical Leave Act claim and Plaintiff's New Jersey Law Against Discrimination claim. (*See* Compl. ¶ 48 (alleging that "Defendant retaliated against Plaintiff as a result of his request for an accommodation and due to his disability, in violation of the LAD"), ¶ 53 (alleging that "Defendants terminated plaintiff in retaliation for making a request for FMLA leave and taking said leave….").)

8. A district court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) there are

other compelling reasons for declining jurisdiction. None of these factors are present in the instant case.

**Venue And Notice**

9. This Notice of Removal has been filed within thirty (30) days after receipt of service of process and thus is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

10. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 110, this Court embraces the Superior Court of the State of New Jersey, Law Division, Camden County. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

11. Prompt written notice of this Notice of Removal will be sent to Plaintiff, and to the Clerk of the Superior Court of the State of New Jersey, Law Division, Camden County, as required by 28 U.S.C. § 1446(d).

**Conclusion**

12. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, this Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

13. Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant asks that the Court retain jurisdiction and allow it to file a motion asking this Court to certify any remand order for interlocutory review by the U.S. Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1292(b).

14. WHEREFORE, Defendant submits that this action properly is removable based on federal question jurisdiction and respectfully request that the above-described action pending against it be removed to the United States District Court for the District of New Jersey. Defendant also requests all other relief, at law or in equity, to which they justly are entitled.

Dated: September 21, 2017

SEYFARTH SHAW LLP

By *<u>/s/ Alnisa S. Bell</u>*

Alnisa S. Bell
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5532
Facsimile: (212) 218-5526
Email: abell@seyfarth.com
*Counsel for Defendant*
*Old Dominion Freight Line, Inc.*

# EXHIBIT A




**Service of Process Transmittal**
08/25/2017
CT Log Number 531826475

**TO:** Ross H. Parr
Old Dominion Freight Line, Inc.
500 Old Dominion Way
Thomasville, NC 27360-8923

**RE:** **Process Served in New Jersey**

**FOR:** Old Dominion Freight Line, Inc. (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Victor Velazquez, Pltf. vs. Old Dominion Freight Line, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Camden County Superior Court - Chancery Division, NJ<br>Case # CAML309017 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/25/2017 at 13:20 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you received this summons, not counting the date you received it |
| **ATTORNEY(S) / SENDER(S):** | Mary D. DiBernardo<br>Martin Gunn & Martin, PA<br>Sentry Office Plaza - Suite 420<br>216 Haddon Avenue<br>Westmont, NJ 08108<br>856-858-0900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/25/2017, Expected Purge Date: 08/30/2017<br><br>Image SOP<br><br>Email Notification, Alice Gibson alice.gibson@odfl.com<br><br>Email Notification, Michell Simpkins Michell.Simpkins@odfl.com<br><br>Email Notification, Ross H. Parr ross.parr@odfl.com<br><br>Email Notification, Peter Murphy Peter.murphy@odfl.com<br><br>Email Notification, Wendy English wendy.english@odfl.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Company<br>820 Bear Tavern Road<br>3rd Floor |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Service of Process Transmittal**
08/25/2017
CT Log Number 531826475

**TO:** Ross H. Parr
Old Dominion Freight Line, Inc.
500 Old Dominion Way
Thomasville, NC 27360-8923

**RE: Process Served in New Jersey**

**FOR:** Old Dominion Freight Line, Inc. (Domestic State: VA)

West Trenton, NJ 08628

**TELEPHONE:** 609-538-1818



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Burchard V. Martin [1933-2014]
Burchard S. Martin*
William J. Martin* ‡
Elizabeth K. Merrill*

Mary D. DiBernardo*
Briana M. Granieri **
Michael A. Mascino *
Jillian B. Saputelli *

* ALSO ADMITTED IN PA
** ALSO ADMITTED IN PA & DE
‡ CERTIFIED BY THE SUPREME COURT OF NJ AS A CIVIL TRIAL ATTORNEY

*Law Offices*
***Martin, Gunn & Martin, P.A.***
*A Professional Association*
*Sentry Office Plaza, Suite 420*
*216 Haddon Avenue*
*P.O. Box 358*
*Westmont, New Jersey 08108*

TELEPHONE
(856) 858-0900

TELECOPIER
(856) 858-1278

mdd@martingunn.com

www.martingunn.com

August 24, 2017

**OLD DOMINION FREIGHT LINE, INC.**
C/O THE CORPORATION TRUST COMPANY
820 Bear Tavern Road
West Trenton, NJ 08628

RE: VELAZQUEZ v. OLD DOMINION FREIGHT LINE, INC.
Docket NO. CAM-L-3090-17
Our File No. 7083-J

Dear Sir/Madam:

Please be advised that this office represent the Plaintiff, VICTOR VELAZQUEZ, in the above captioned matter. You have been named as a Defendant in this action. Enclosed is a copy of a Summons and Complaint filed in this action. You have thirty-five (35) days from the date of service of these documents to file an Answer to the Complaint.

I recommend that you turn over these documents to your attorney to avoid default and judgment being entered against you.

Thank you for your attention to this matter.

Very truly yours,

MARTIN GUNN & MARTIN, P.A.

By: [signature]
MARY D. DIBERNARDO

MDD/mjs
Enclosure

7083-J/mjs
MARTIN GUNN & MARTIN, P.A.
William J. Martin, Esquire, Atty. I.D. No. 047941988
Mary D. DiBernardo, Esquire, Atty. I.D. No. 015201996
Sentry Office Plaza, Suite 420
216 Haddon Avenue
Westmont, New Jersey 08108
(856) 858-0900
(856) 858-1278 (Fax)
Attorneys for Plaintiff, Victor Velazquez

| VICTOR VELAZQUEZ<br><br>Plaintiff(s)<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., and JOHN DOES 1-10 (Fictitious Names of Entities and/or Individuals whose identities are presently unknown), Individually, Jointly, Severally and/or in the Alternative<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CIVIL DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO. CAM-L-3090-17<br><br>CIVIL ACTION<br><br>***SUMMONS*** |
|---|---|

**From The State of New Jersey**
**To The Defendant(s) Named Above: OLD DOMINION FREIGHT LINE, INC.**

The Plaintiff named above, **VICTOR VELAZQUEZ**, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your Answer or motion

to plaintiff's attorney whose name and address appear above, or to plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the

Lawyer Referral Services. A list of these numbers is also provided.

/s/ Michelle M. Smith
MICHELLE M. SMITH
Clerk of the Superior Court

DATED: August 24, 2017

Name of Defendant to Be Served: OLD DOMINION FREIGHT LINE, INC.
Address: C/O The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

**Legal Services of New Jersey, Inc.**
**(732) 572-9100**

**ATLANTIC COUNTY**
**Atlantic County Bar Assoc.**
**Lawyer Referral Service**
**(609) 343-3444**
**South Jersey Legal Services**
**(609) 348-4200**

**BERGEN COUNTY**
**Bergen County Bar Assoc.**
**Lawyer Referral Service**
**(201) 488-0044**
**Legal Services of Northeast New Jersey**
**(201) 487-2166**

**BURLINGTON COUNTY**
**Burlington County Bar Assoc.**
**Lawyer Referral Service**
**(609) 261-4862**
**South Jersey Legal Services**
**(609) 261-1088**

**CAMDEN COUNTY**
**Camden County Bar Assoc.**
**Lawyer Referral Service**
**(856) 964-4520**
**South Jersey Legal Services, Inc.**
**(856) 964-2010**

**CAPE MAY COUNTY**
**Cape-Atlantic Legal Services**
**(609) 465-3001**
**Cape May County Lawyer Referral Service**
**(609) 463-0313**

**CUMBERLAND COUNTY**
**Cumberland County Bar Assoc.**
**Lawyer Referral Service**
**(609) 692-6207**
***South Jersey Legal Services, Inc.**
**(856) 451-0003**

**ESSEX COUNTY**
**Essex County Bar Assoc.**
**Lawyer Referral Service**
**(973) 622-7753**
**Essex County Legal Aid Assoc.**
**(973) 622-0063**

**GLOUCESTER COUNTY**
**Gloucester County Bar Assoc.**
**Lawyer Referral Service (856) 848-4589**
**South Jersey Legal Services, Inc.**
**(856) 848-5360**

***Asbestos – Use PO Box 2633 and Mark the envelope "Mass Tort"**

**HUDSON COUNTY**
**Hudson County Bar Assoc.**
**Lawyer Referral Service**
**(201) 798-2727**
**Legal Services of Northeast New Jersey**
**(201) 792-6363**

**HUNTERDON COUNTY**
**Legal Services of Northwest New Jersey**
**(908) 782-7979**
**Bar Assoc.**
**(908) 735-2611**

**MERCER COUNTY**
**Mercer County Bar Assoc.**
**Lawyer Referral Service**
**(609) 585-6200**
**Central New Jersey Legal Services, Inc.**
**(609) 695-6249**

**MIDDLESEX COUNTY**
**Middlesex County Bar Assoc.**
**Lawyer Referral Service Corp.**
**(732) 828-0053**
**Central New Jersey Legal Services, Inc.**
**(732) 249-7600**

**MONMOUTH COUNTY**
**Monmouth County Bar Assoc.**
**Referral Program**
**(732) 431-5544**
**Ocean-Monmouth Legal Services, Inc.**
**(732) 866-0020**

**MORRIS COUNTY**
**Bar Assoc. of Morris County**
**Lawyer Referral Service**
**(973) 267-5882**
**Legal Aid Society of Morris County**
**(973) 285-6911**

**OCEAN COUNTY**
**Ocean County Bar Assoc.**
**(732) 240-3666**
**Ocean-Monmouth Legal Services, Inc.**
**(732) 341-2727**

**PASSAIC COUNTY**
**Passaic County Bar Assoc.**
**Lawyer Referral Service**
**(973) 278-9223**
**Legal Services of Northeast New Jersey**
**(973) 523-2900**

**SALEM COUNTY**
***Regional Legal Services, Inc.**
**(856) 451-0003**
**Salem County Bar Assoc.**
**Lawyer Referral Service**
**(856) 935-5629**

**SOMERSET COUNTY**
**Legal Services of Northwest New Jersey**
**(908) 231-0840**
**Somerset County Bar Assoc.**
**Law Referral Service**
**(908) 685-2323**

**SUSSEX COUNTY**
**Legal Services of Northwest New Jersey**
**(201) 383-7400**

**UNION COUNTY**
**Union County Bar Assoc.**
**Lawyer Referral Service**
**(908) 353-4715**
**Central New Jersey Legal Services**
**(908) 354-4340**

**WARREN COUNTY**
**Legal Services of Northwest New Jersey.**
**(908) 475-2010**

***Serves Cumberland Salem Counties**

Aug. 24. 2017 11:35AM No. 1469 P. 6/20

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐CK ☐CG ☐CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| | | |
|---|---|---|
| ATTORNEY / PRO SE NAME<br>WILLIAM J. MARTIN, ESQUIRE | TELEPHONE NUMBER<br>(856) 858-0900 | COUNTY OF VENUE<br>Camden |
| FIRM NAME (if applicable)<br>MARTIN GUNN & MARTIN, P.A. | | DOCKET NUMBER (when available)<br>L-3090-17 |
| OFFICE ADDRESS<br>Sentry Office Plaza, Suite 420<br>216 Haddon Avenue<br>Westmont, New Jersey 08108 | AUG - 7 2017 | DOCUMENT TYPE<br>Complaint<br>JURY DEMAND ■ YES ☐ NO |
| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>VICTOR VELAZQUEZ, PLAINTIFF | CAPTION<br>VICTOR VELAZQUEZ v. OLD DOMINION FREIGHT LINE, INC, ET ALS. | |
| CASE TYPE NUMBER (See reverse side for listing)<br>509 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS | |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ☐ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE ☐ UNKNOWN | |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ YES ☐ NO | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | |
|---|---|
| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE: Mary L. DiBernardo

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA
624 STRYKER LFIT CoCr V40 FEMORAL HEADS

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

7083-J/ca
MARTIN GUNN & MARTIN, P.A.
William J. Martin, Esquire, Atty. I.D. No. 047941988
Mary D. DiBernardo, Esquire, Atty. I.D. No. 015201996
Sentry Office Plaza, Suite 420
216 Haddon Avenue
Westmont, New Jersey 08108
(856) 858-0900
(856) 858-1278 (Fax)
Attorneys for Plaintiff, Victor Velazquez




| VICTOR VELAZQUEZ<br><br>Plaintiff(s)<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., and JOHN DOES 1-10 (Fictitious Names of Entities and/or Individuals whose identities are presently unknown), Individually, Jointly, Severally and/or in the Alternative<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CIVIL DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO. CAM-L- 3090-17<br><br>CIVIL ACTION<br><br>**COMPLAINT, CERTIFICATION PURSUANT TO R. 1:38-7(c), CERTIFICATION PURSUANT TO R. 4:5-1, DESIGNATION OF TRIAL COUNSEL and DEMAND FOR A JURY TRIAL** |
|---|---|

Plaintiff, Victor Velazquez, who resides in Maple Shade, New Jersey, by way of Complaint against Defendants, says that:

1. Plaintiff, Victor Velazquez was employed by Defendant, Old Dominion Freight Line, Inc. ("ODFL"), from 2012-2017 and was driving a tractor trailer for ODFL beginning in 2013.

2. Defendant, Old Dominion Freight Line, Inc. is a less-than-truckload ("LTL") company which offers regional, inter-regional, and national LTL service as well as logistic services, supply chain consulting, transportation management, truckload

brokerage, container delivery and warehousing, and household moving services; it contracts with freight forwarding services throughout the world.

3. Defendants conduct business and employed the Plaintiff in Camden County, New Jersey.

4. Upon information and belief, Defendants are responsible and vicariously liable for the actions of any subsidiaries which may possess an ownership interest in Old Dominion Freight Line, Inc., and for the actions of any alleged Human Resources entities which participated in the adverse employment actions alleged herein, (pled as "John Does 1-10").

5. At all times relevant hereto, Defendants qualified as an "employer" pursuant to N.J.S.A. 34:13A-3(c) and 10:5-5 and plaintiff was an "employee" pursuant to N.J.S.A. 34:13A-3(d) and 10:5-5.

6. During his employment, Plaintiff regularly worked more than 40 hours per week.

7. At all times relevant hereto, Plaintiff was a non-exempt employee of the terms of the FLSA.

8. Defendants determined Plaintiff's rate and method of wage compensation during his employment.

9. Plaintiff began a period of leave pursuant to the Family Medical Leave Act in November of 2016 due to an issue with his sciatic nerve, and was cleared to return to work at the end of January 2017.

10. When he went back to work in January, defendants sent plaintiff for a physical which revealed he had diabetes.

11. As a result, defendants would not permit plaintiff to drive a truck until his blood sugar was stabilized.

12. Plaintiff requested an accommodation to work on the dock or as a "yard jockey."

13. Defendants told plaintiff the decision concerning an accommodation rested with plaintiff's terminal manager.

14. Plaintiff's manager told plaintiff no position with an accommodation was available.

15. Plaintiff next called defendants' representative under the Family Medical Leave Act who asked plaintiff how long he required to be out in order to get his blood sugar under control; plaintiff responded three (3) months.

16. Defendants told plaintiff they were not sure they could hold his job for him.

17. Plaintiff again requested to work with an accommodation and was again told by his manager that there was nothing available.

18. Plaintiff was successful at regulating his blood sugar in the minimum amount of time, but defendants told him they were letting him go because he took too much leave under the FMLA.

19. Defendants willingly, deliberately, and intentionally refused to pay Plaintiff for time actually worked, and for time and one-half pay for overtime worked.

20. Defendants knew Plaintiff was entitled to compensation for time actually worked and for time and one-half overtime pay under the FLSA.

21. Defendants willfully, deliberately, and intentionally failed to pay Plaintiff for time actually worked and for time and one-half overtime hours worked over 40 hours per week.

**COUNT I**

22. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

23. N.J.S.A. 34:11-56(a)(4) requires an employer to pay its employees at the rate of at least one and a half times the employee's regular hourly wage for each hour of working time in excess of 40 hours in any week.

24. At all relevant times, Plaintiff, as an employee, and Defendants, as his employers, were subject to the provisions of the New Jersey Wage Payment Law – N.J.S.A. 34:11-4.1, *et seq.*

25. During the period of time that Defendants employed Plaintiff, they were required to compensate him for all hours worked and to compensate him at a rate of "time-and-a-half," for all hours worked beyond 40 hours in one work week.

26. Defendants willfully, deliberately, and intentionally failed to pay Plaintiff the overtime rate of "time-and-a-half," for time worked over 40 hours in a week during the period of his employment.

27. As a result of Defendants' failure to properly compensate Plaintiff in compliance with the requirements of the New Jersey Wage Payment Law, Plaintiff has suffered damages.

28. Defendant Old Dominion Freight Line knew plaintiff was entitled to overtime pay at time and one-half and deliberately refused to pay him for his overtime.

29. As a direct and proximate result of Defendants' action, Plaintiff has suffered and continues to suffer a loss of earnings and other employment benefits.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants, jointly, severally, and alternatively, for compensatory damages, liquidated damages, reasonable attorneys' fees, costs, and expenses, and such additional relief as the interests of justice may require.

**COUNT II**

30. The Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in the previous paragraph and count of this Complaint as if fully set forth herein.

31. At all relevant times, Plaintiff, as an employee, and Defendants, as his employers, were subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA").

32. During the period of time that Defendants employed Plaintiff, they were required to compensate him for all hours worked and to compensate him for all hours worked beyond 40 hours in one work week, at a rate of time and a half.

33. Plaintiff was not properly paid all wages owed to him.

34. Defendants willfully, deliberately, and intentionally failed to pay Plaintiff the overtime rate of "time-and-a-half," for time worked over 40 hours in a week during the period of his employment.

35. As a result of Defendants' failure to properly compensate Plaintiff in compliance with the requirements of the FLSA, Plaintiff has suffered damages.

36. These actions as aforesaid, constitute violations of the FLSA.

37. Defendants' acts were performed with malice and a reckless indifference to Mr. Velazquez' protected rights.

38. The willful indifference and actual participation by Old Dominion Freight Line's management creates liability against the corporate defendant.

39. As a direct and proximate result of Defendants' action, Plaintiff has suffered and continues to suffer, severe and mental anguish by humiliation, pain, distress and reputational damage, as well as loss of earnings and other employment benefit.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, jointly, severally, and alternatively, for compensatory damages, liquidated damages, and attorneys' fees, costs, and expenses, and such additional relief as the interests of justice may require.

**COUNT III**

40. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in the previous paragraph and count of this Complaint as if fully set forth herein.

41. Plaintiff brings this action to remedy discrimination on the basis of disability in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("LAD").

42. During all times relevant to this cause of action, Plaintiff was an employee of the Defendant as the term is defined by the LAD. Defendant is an employer as that term is defined by N.J.S.A. 10:5-5.

43. The LAD prohibits discrimination based on a disability.

44. The LAD protects individual perceived to possess a disability.

45. Beginning in January of 2017, while Plaintiff was employed by Defendant, Plaintiff possessed a disability and defendant perceived him as having a disability as that term is defined by the LAD.

46. Plaintiff requested a reasonable accommodation for his disability, including time off to recover as well as returning to a non-driving position, but defendant refused to accommodate him. Pursuant to the LAD, Defendant was under a duty to reasonably accommodate Plaintiff's disability and to refrain from discrimination against him, but failed to do so.

47. Defendant negligently, recklessly, and/or intentionally failed to provide Plaintiff a reasonable accommodation as required pursuant to the LAD.

48. Defendant retaliated against Plaintiff as a result of his request for an accommodation and due to his disability, in violation of the LAD.

49. As a direct and proximate result of Defendants' action, Plaintiff has suffered and continues to suffer, severe and mental anguish by humiliation, pain, distress and reputational damage, as well as loss of earnings and other employment benefit.

50. **WHEREFORE,** the Plaintiff demands judgment against the Defendants, jointly, severally, and alternatively, for compensatory damages, punitive damages, for an award of reasonable attorneys' fees, costs, and expenses, and such additional relief as the interests of justice may require.

**COUNT IV**

51. The Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in the previous paragraph and count of this Complaint as if fully set forth herein.

52. At the time of his termination, plaintiff had requested and received leave under the FMLA.

53. Defendants terminated plaintiff in retaliation for making a request for FMLA leave and taking said leave, in violation of 29 U.S.C. § 2615(a).

54. As a result of the foregoing conduct by defendants, plaintiff has suffered and will continue to suffer injury and damage to his personal and professional reputation,

emotional distress, humiliation, and the loss of past, present and future earnings and benefits as a direct reulst of the foregoing conduct by defendants.

55. The conduct of the defendants was egregious and outrageous with actual malice, or was willful and wanton acts with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act to plaintiff and his family, sufficient to give rise to a claim for punitive damages.

**WHEREFORE**, the plaintiff demands judgment against defendants for back and front pay, compensatory damages, liquidated damages, punitive damages, interest, cost of suit, attorney's fees and such other relief as the Court deems equitable and just.

**COUNT V**

56. The Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in the previous paragraph and count of this Complaint as if fully set forth herein.

57. Although the Plaintiff believes that the acts complained of were performed or caused by the named Defendant, the Plaintiff cannot be certain that the named Defendant is not the only person(s) or entity(ies) liable for the acts complained of as set forth herein. Therefore, the Plaintiff has named John Does 1-10, fictitious persons or legal entities as Defendant(s) to this action.

58. As such, the terms "Defendant" or "Defendants" as used in all of the above counts and paragraphs should therefore be defined and read as "Defendant(s)" and/or "John Doe(s)".

59. **WHEREFORE,** the Plaintiff demands judgment against the Defendants and John Does 1-10, jointly, severally, and alternatively, for such sums as would reasonably and properly compensate the Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

**CERTIFICATION PURSUANT TO RULE 1:38-7(c)**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**CERTIFICATION PURSUANT TO RULE 4:5-1**

1. The matter in controversy is not the subject matter of any other action pending In any Court or of a pending arbitration proceeding.

2. Another action or arbitration proceeding is not contemplated.

3. The names and addresses of any other party who should be joined in the action are: None.

**NOTICE OF DESIGNATION OF TRIAL COUNSEL**

**PLEASE BE NOTIFIED** that pursuant to Rule 4:25-4, William J. Martin, Esquire is hereby designated as trial counsel in the above-captioned litigation on behalf of the firm of Martin, Gunn & Martin, P.A.

**JURY DEMAND**

**DEMAND** is hereby made for a trial by jury as to all issues.

MARTIN, GUNN & MARTIN, P.A.
Attorneys for Plaintiff, Victor Velazquez

BY: [signature]
MARY D. DIBERNARDO

Dated: August 2, 2017

**REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO R. 4:18-1**

Plaintiff hereby demands that defendants produce the following documents pursuant to *Rule* 4:18-1:

1. Any and all documents which establish, relate or refer to your personnel policies and procedures plus any and all amendments and changes thereto, including, but not limited to policies governing terminations, discipline, salary, benefits, vacation, employee evaluations, job duties, assignments, discrimination, harassment and retaliation, in effect during plaintiff's employment.

2. A complete copy of the employee manual and/or handbook in place at the time of plaintiff's employment.

3. A complete copy of plaintiff's personnel file.

4. Any and all payroll records, time sheets, work schedules, automated timekeeping printouts, and any other documents relating to the hours plaintiff works.

5. All correspondence, letters, memos, emails, or documents between plaintiff and defendants, their agents, servants or employees in defendant's possession.

6. Any and all documents relating to plaintiff's employment.

7. Any and all payroll records, records regarding medical and retirement benefits, including, but not limited to, vacation time, sick time, health benefits, pension benefits, and/or payments or contributions to a 401(k) plan or any other retirement plan while employed by defendants.

8. Any and all documents relating to any complaints of any kind made by any other individuals employed by defendants in the past five-years for wrongful termination, discrimination, retaliation and/or for failure to pay proper wages and/or overtime.

9. Any and all documents relating to any lawsuits filed against defendants by employees and/or former employees.

10. Any and all insurance policies that may potentially be responsible for any verdict and/or judgment relating to any of the allegations contained in plaintiff's Complaint.

11. Any and all documents relating to any claims against defendants for the past ten (10) years, including but not limited to any claims made in any State or Federal Court, State agency or any other governmental or quasi governmental agency for discrimination, retaliation and/or failure to pay proper wages and/or overtime. If defendants contend that this request is too broad, defendants may limit the request to claims made in the State and Federal Courts of New Jersey as well as any New Jersey state agency or any other governmental or quasi governmental agency. If defendants object on the basis that ten (10) years is too broad and/or too remote, defendants may reduce the time to five (5) years.

12. Copies of all draft and final expert reports prepared on behalf of defendants and curriculum vitae of said experts.

13. All documents reviewed or relied upon by defendants' expert witness in rendering their reports or opinions in this matter.

14. Copies of all articles and/or publications written by defendants' experts.

15. Copies of all books, treatises, articles and other works which defendants' expert regards as authoritative on the subject about which each said expert is expected to testify.

16. A list of all other cases in which the expert has testified as an expert at trial or by deposition.

17. Any and all documents relied upon in preparing the Answer and Separate Defenses to plaintiff's Complaint.

Please be advised that the aforementioned requests for production of documents is continuing and such documents that may not be available at the time a response is formulated should be produced upon procurement of same in order for defendants to remain fully compliant with said discovery requests.

MARTIN, GUNN & MARTIN, P.A.
Attorneys for Plaintiff Victor Velazguez

By: ______________________
MARY D. DIBERNARDO

Dated: August 2, 2017